UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH HARDINS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:13-CV-820 (CEJ) |
| IAN WALLACE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the petition of Kenneth Hardins, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

### I. Procedural Background

Petitioner, Kenneth Hardins, is currently incarcerated at the Southeast Correctional Center located in Charleston, Missouri, pursuant to the sentence and judgment of the Twenty-Second Judicial Circuit Court (City of St. Louis) of Missouri. On December 3, 2009, a jury found petitioner guilty of two counts of first-degree robbery and two counts of armed criminal action. Resp. Ex. 1. In the separate penalty phase of the trial, the jury recommended that petitioner be sentenced to ten years' imprisonment on each robbery charge and three years' imprisonment on each armed criminal action charge. The trial court ordered that the sentences run consecutively, resulting in a 26-year term of imprisonment. Id.

The Missouri Court of Appeals affirmed the judgment on February 15, 2011. Resp. Ex. 4; State v. Hardins, 331 S.W.3d 356 (Mo. Ct. App. 2011). On May 23, 2011, petitioner filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 29.15. Resp. Ex. 7. On September 6, 2011, petitioner, through counsel, filed an

amended motion under Rule 29.15. Id. An evidentiary hearing was held on December 2, 2011. On January 20, 2012, the court denied the motion for post-conviction relief. Id. at 108-114. Petitioner appealed, and on March 5, 2013 the Missouri Court of Appeals affirmed. Resp. Ex. 10; 11.

In the instant § 2254 petition, petitioner asserts four grounds for relief: (1) that the trial court abused its discretion in overruling defense counsel's objection to the State's comment on petitioner's failure to testify during the penalty phase of the trial; (2) that trial counsel was ineffective in failing to investigate petitioner's background and present mitigating evidence at sentencing; (3) that trial counsel was ineffective in failing to address allegations that petitioner threatened corrections officers and that his family members were going to break him out of jail; and (4) that petitioner was denied his right to confront witnesses against him when the State failed to call one of the victims of the robbery as a witness at trial.

##    II.    **Legal Standard**

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141

(2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

### III. Discussion

#### A. Procedurally Defaulted Claims

To preserve issues for federal habeas review, a state prisoner must fairly present his claims to state court during direct appeal or in post-conviction proceedings. Sweet

-3-

v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Petitioner has not fairly presented the third and fourth grounds of his petition to state court, and accordingly he is procedurally barred from pursuing them here. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Petitioner did raise the third ground for relief—that trial counsel was ineffective in failing to address allegations that petitioner threatened corrections officers—in his motion for post-conviction relief, but did not include that ground in his appeal from the denial of that motion. Petitioner's fourth ground for relief—that he was denied the right to confront a witness against him—was not raised on direct appeal or in petitioner's motion for post-conviction relief. Accordingly, petitioner has procedurally defaulted those claims.

Petitioner relies on Martinez v. Ryan, ___U.S.___, 132 S.Ct. 1309, 182 LEd.2d 272 (2012) to establish cause to excuse his procedural default. The Supreme Court held in Martinez that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S.Ct. at 1315. Petitioner argues that his post-conviction counsel's failure to raise ground three on appeal constituted ineffective assistance, but Martinez did not alter the rule that ineffective assistance on appeal from denial of post-conviction relief is not cause excusing default. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012). Moreover, because Martinez only applies to defaulted claims of ineffective assistance of trial counsel, petitioner's reliance on that case to establish cause for his default of ground four, a Confrontation Clause claim, is misplaced. Because petitioner has not shown cause for his default, nor has he demonstrated that failure to consider the third and fourth grounds of his petition will result in a fundamental miscarriage of justice, the Court is barred from reviewing those claims on the merits.

### B. Ground One

During the closing argument in the penalty phase of the trial, the prosecutor stated: "We're hearing all sorts of excuses. What I'm not hearing is, I'm sorry, I was wrong, I did this. No accepting of responsibility…." Defense counsel objected and argued that this was an improper comment on defendant's right not to testify. Counsel requested that the court strike the comment from the record. The court overruled the objection but warned the State "not to go any closer" to the issue. Petitioner asserts that the prosecutor's statement constituted an improper comment on his failure to testify during the penalty phase of the trial and that the trial court abused its discretion by overruling defense counsel's objection to the statement.

To succeed on this claim, petitioner must show that the prosecutor's statement resulted in actual prejudice. See Robinson v. Crist, 278 F.3d 862, 866 (8th Cir. 2002) ("[O]n a habeas petition, we review any improper reference [to defendant's failure to testify] to determine if it had a 'substantial and injurious effect or influence in determining the jury's verdict.'") (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). As the Missouri Court of Appeals wrote, "Prejudice in the penalty phase requires a reaonable probability that 'but for' the trial court's error, a lesser sentence would have been imposed. See Martin v. State, 291 S.W.3d 846, 851 (Mo.App.W.D. 2009)." [Resp. Ex. 5, p.2]. The appellate court found that petitioner suffered no prejudice, because the jury recommended the minimum sentence of imprisonment for each count. Thus, there was no reasonable probability of a lesser sentence had the trial court sustained defense counsel's objection. Resp. Ex. 5. The determination of the state appellate court was reasonable. Relief on this ground will be denied.

### C. Ground Two

Defense counsel requested a Sentencing Assessment Report (SAR) for petitioner's sentencing. The SAR did not discuss petitioner's background and counsel did not conduct an independent investigation. After considering the SAR and the recommendation of the jury, the trial court imposed consecutive sentences. Petitioner asserts that counsel was ineffective by failing to investigate and present mitigating evidence at sentencing, and, had counsel done so, the sentencing court would have imposed concurrent sentences for a total of 10 years' imprisonment.

In order to state a claim of ineffective assistance of trial counsel, petitioner must meet the <u>Strickland</u> standard: petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. <u>Strickland</u>, 466 U.S. at 687. To establish prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. Federal habeas review of a <u>Strickland</u> claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether the determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (internal quotations and citations omitted).

Petitioner raised this claim of ineffective assistance in his motion for post-conviction relief in state court. The motion court held an evidentiary hearing at which petitioner presented evidence of his difficult childhood, and his good behavior and personal progress since his incarceration. After considering the evidence, the motion court denied relief:

> Having presided over the original trial and considering all of the facts and circumstances therein, as well as evidence produced at the time of the original sentencing and having considered the information in the sentencing assessment report (SAR) and finally the evidence presented at the PCR hearing, this court finds by a preponderance of the evidence that original trial counsel Robert Taaffe was not ineffective in his representation of Movant at the trial nor at the sentencing.... This court finds that the evidence at the PCR hearing, including the Movant's background and post-arrest and post-conviction evidence, even had it been presented at the time of the original sentence, would not have affected the court's decision of the sentence imposed by the court.

Resp. Ex. 7 at 112-13. The court specifically stated that the evidence presented at the PCR hearing would not have changed its decision that petitioner's sentences run consecutively. Id.

Petitioner appealed, and the Missouri Court of Appeals affirmed. The appellate court found that petitioner could not show prejudice, because "the same judge presided over the trial, the sentencing, and the Rule 29.15 motion" and that judge clearly stated that the evidence regarding petitioner's background would not have affected his sentence. Resp. Ex. 11. This is a reasonable determination under the second prong of the Strickland standard. Absent a showing of prejudice, petitioner is not entitled to relief.

## IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2014.